UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
DAVID SMITH,

                  Plaintiff,

        - against –

NYPD,

                  Defendant.
------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**
19-CV-758 (AMD) (LB)

**ANN M. DONNELLY**, United States District Judge:

    The *pro se* plaintiff David Smith, who is currently incarcerated at the Brooklyn Detention Complex, brings this 42 U.S.C. § 1983 claim against the New York City Police Department.[1] The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the Court dismisses the plaintiff's claims against the NYPD.

## BACKGROUND

    The plaintiff alleges that in the summer of 2017, he met an unidentified NYPD officer on a "gay chatline," and went to the officer's house in Queens, where the officer drugged and raped him. (ECF No. 6 at 12.) The plaintiff claims that the officer stabbed him in the hand as the plaintiff tried to fight the officer off. (*Id.*) The plaintiff further alleges that he reported the attack to the police, but was not allowed to press charges against the officer. (*Id.* at 5, 12.) The plaintiff claims that since the attack, NYPD officers have harassed, falsely arrested, and beaten the plaintiff "inside the precinct as well as [] outside [his] home." (*Id.* at 5, 13-14.) For example, police officers arrested and charged the plaintiff for a crime he did not commit—assaulting an

---

[1] The plaintiff filed the complaint without his signature and the Clerk's Office issued a notice of deficiency directing that the plaintiff sign the complaint. (*See* ECF No. 1.) On March 5, 2019, the plaintiff filed the complaint with his signature. (ECF No. 6.) All referenced page numbers correspond to those generated by the Court's Electronic Court Filing system.

1

officer—and the plaintiff was forced to plead guilty. (*Id.* at 13.) The plaintiff seeks $2.5 million in damages and asks that the NYPD stop harassing him and fire the officer who allegedly raped him. (*Id.* at 5.)

## DISCUSSION

At the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). A *pro se* complaint is held to less stringent standards than pleadings drafted by an attorney; it must be read liberally and interpreted to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). However, a complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under 28 U.S.C. § 1915A, a district court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous,

malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Similarly, under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To establish a claim under § 1983, the plaintiff must allege that "the conduct complained of . . . [was] committed by a person acting under color of state law," and "deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994); *see Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes."). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

The complaint is deficient because it names the NYPD as the defendant; the NYPD is a non-suable agency of the City of New York. N.Y.C. Charter § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir. 2007) ("The district court correctly noted that the NYPD is a non-suable agency."); *see Araujo v. City of New York*, No. 08–CV–3715, 2010 WL 1049583, at *8 (E.D.N.Y. Mar. 19, 2010). Accordingly, the claim against the NYPD is dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

The plaintiff's complaint against the NYPD is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b)(ii); the Clerk of Court is respectfully directed to amend the caption to reflect the dismissal of this defendant. *See* 28 U.S.C. § 1915A(b). However, a court dismissing a *pro se* complaint should grant leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations and quotation marks omitted); *see Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (Courts should permit *pro se* plaintiffs to amend their complaints to plead individual police officers who are responsible for the alleged deprivation of his constitutional rights and give them notice of the claims against them.). The Court, therefore, grants the plaintiff leave to amend the complaint within 30 days of this Order being entered.

If the plaintiff chooses to file an amended complaint, he must name the individual officers who he claims deprived him of his constitutional rights. He must also specify that claims he brings against each officer, plead facts to support those claims, including the dates and locations of the alleged deprivations, and state the specific injuries that he suffered. *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (A plaintiff "must demonstrate [each] defendant's direct or personal involvement" in the actions that are alleged to have caused the deprivation of the plaintiff's constitutional rights.) (citing *Farrell v. Burke*, 449 F.3d at 484). In addition, the complaint must include an allegation of "a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986); *Andino v. Fischer*,

4

698 F. Supp. 2d 362, 381 (E.D.N.Y. 2010). If the plaintiff does not know the names of the officers, he may set forth the allegations against each officer, designate the officer as Jane Doe or John Doe, and provide identifying information.

The new complaint must be captioned "Amended Complaint," and bear the same docket number as this Order (19-CV-758 (AMD) (LB)). The plaintiff is advised that any amended complaint that he files will completely replace the original complaint, so he should not rely on any allegations in the original complaint he filed. No summonses will issue at this time and all further proceedings will be stayed for thirty (30) days. If plaintiff does not comply with this Order within the time allowed, the action will be dismissed, and judgment will enter. The Clerk of Court is respectfully directed to send the plaintiff a prisoner's civil rights complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                          s/Ann M. Donnelly
                                          Ann M. Donnelly
                                          United States District Judge

Dated: Brooklyn, New York
         March 12, 2019